Welch, J,
This was an indictment for rape. Upon the trial the State offered to prove proposals made by the defendant’s brother, to the prosecutrix, to compound or compromise the prosecution, without showing, or proposing to show, any authority therefor or any knowledge thereof on the part of the defendant. The defendant objected, but the evidence was admitted. In this we think the court erred. The evidence surely should not have béen admitted, unless subject to the condition that such authority or knowledge should be found by the jury to exist; but no such condition was attached, either in the order admitting the evidence, or in the subsequent charge of the court; nor do we see in the record any evidence tending to show such authority or knowledge.
After the State had closed its case, the defendant offered to show that the reputation of the prosecuting witness for truth and veracity was bad. Rut the court ruled that the inquiry must be confined to her reputation as it existed, at and prior to the time of the commission of the alleged rape, and excluded the evidence as to her subsequent reputation. Here, also, we.think the court was in error. In this respect, the distinction between evidence of bad reputation for chastity, and for truth and veracity, seems to be well settled. The time is limited, in the former case, by the date of the alleged crime, but in the latter case, by the date of the examination. It is not true, as argued by counsel, that the object of both descriptions of evidence is the same — that is, *279 to impeach the truth of the prosecutrix. Her bad reputation for chastity may show, or tend to show, that the prisonei assaulted her under the mistaken belief that he would meet with little or no resistance. For such a purpose the evidence is no impeachment of her truth. The law seems well settled, that evidence of a witness’ reputation for truth should relate to the time of examination, and no reason is perceived, or suggested, for adopting any different rule in the present case:
There are other errors assigned upon the record, but we deem it unnecessary to notice them now. One of these is, that the- court erred in overruling a motion for a new trial, based upon the grounds that the verdict was against the evidence, and that the court erred in its instructions to the jury as to the nature and weight of the evidence. Upon, this alleged error we abstain from saying anything, as the case will have to be tried anew.
Judgment reversed, and cause remanded for new trial.
Brinkerhoee, C.J., and Scott, White, and Day, JJ., concurred.